948 A.2d 1263

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

**Alfred WALKER, Jr.**

**Misc. Docket AG No. 2, Sept. Term, 2007.**

Court of Appeals of Maryland.

May 29, 2008.

Fletcher P. Thompson, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Atty. Grievance Com'n of Maryland), for petitioner.

**4**

No argument on behalf of respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, and ALAN M. WILNER, (Retired, Specially Assigned), DALE R. CATHELL, (Retired, Specially Assigned), JJ.

MURPHY, J.

Alfred Walker, Jr., Respondent, was admitted to the Maryland Bar on June 23, 1994, and was decertified by this Court on April 5, 2005 for failure to pay his Client Protection Fund assessments for 2005 and 2006. He has never been reinstated. On March 23, 2007, the Attorney Grievance Commission filed a Petition for Disciplinary Action in which it asserted that, *subsequent to* his decertification, Respondent violated several Rules of Professional Conduct, including Rules 1.1,[1] 1.3,[2] 1.7,[3] 5.5,[4] 8.1,[5] and 8.4(d).[6] The record shows that, on May 8, 2007, Respondent was served personally with a copy of the Petition, as well as a copy of this Court's March 28, 2007 Order directing that the charges against him "be heard and determined by Judge A. Michael Chapdelaine, of the Seventh Judicial Circuit, in accordance with Maryland Rule 16–757[.]"

---

1. Rule 1.1 requires that a lawyer "provide competent representation to a client."

2. Rule 1.3 requires that a lawyer "act with reasonable diligence and promptness in representing a client."

3. Rule 1.7, in pertinent part, provides that "a lawyer shall not represent a client if the representation involves a conflict of interest."

4. Rule 5.5, in pertinent part, prohibits a lawyer who has been decertified by the Court of Appeals from "hold[ing] out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

5. Rule 8.1, in pertinent part, provides that a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority[.]"

6. Rule 8.4(d) provides that it is "professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice[.]"

Respondent did not file a written response to the Petition. On May 30, 2007, Bar Counsel requested that an Order of Default be entered against Respondent. That request was granted. The Order of Default, signed by Judge Chapdelaine on June 19, 2007 and entered in the record on July 3, 2007, included the following provisions:

ORDERED, that the Clerk shall issue a notice to the Respondent at his last known address informing him that the Order of Default has been entered and that he may move to vacate the Order within thirty (30) days after entry; and it is further,

\* \* \*

ORDERED, that this matter be set for a hearing on the 17th day of August, 2007 at 9:00 a.m.

Respondent neither moved to vacate the Order of Default nor attended the August 17, 2007 hearing, subsequent to which Judge Chapdelaine filed an Opinion that included the following findings and conclusions:

(4) That the respondent entered his appearance on behalf of [the defendant] in a criminal case [in] Prince George's County, Maryland,

(5) The respondent appeared more than two hours late for hearing in [that] case advising the Court that he had forgotten about the case.

(6) That on February 2, 2006, the respondent entered his appearance on behalf of [a second defendant] in a criminal case [in] Prince George's County, Maryland.

(7) The respondent failed to appear for a Motion [hearing] in [that] case on March 31, 2006 and was late for the trial on April 10, 2006.

(8) That [a judge of the Circuit Court for Prince George's County], [ ] filed a Complaint with the Attorney Grievance Commission as a result of the respondent's conduct.

(9) [An a]ssistant bar counsel . . . wrote to the respondent on April 28, 2006 advising him of the complaint from

[the judge] and also noting the respondent's decertification and requested a response to those issues.

(10) Respondent did not respond to the letter from bar counsel and a second letter was sent on May 11, 2006.

(11) The second letter was returned "unclaimed" and as a result, an investigator with the Attorney Grievance Commission obtained a telephone number for the respondent.

(12) The investigator for the Commission placed a telephone call to the respondent's number requesting a return call which [went unreturned].

(13) The Commission investigator ultimately contacted the respondent who indicated that he was not giving out his address because of fear from having been a victim of a robbery in February 2005 but agreed to meet with the investigator on September 5, 2006.

(14) The respondent did not appear on September 5, 2006; called and left a message and said he could appear on September 6, 2006.

(15) The respondent did not appear for the meeting on September 6, 2006 either.

(16) On September 7, 2006, the respondent contacted the office of the Attorney Grievance Commission and said that he would appear on September 8, 2006; once again respondent did not appear. Respondent has never responded to the written Complaint or submitted to an interview.

As a result of the above facts, the Court concludes that the respondent violated Rule 1.1, 1.3, 8.4(d) by failing to appear for Court proceedings. The Court further finds that the respondent violated Rule 5.5(a) by practicing law while he was decertified and that the respondent violated Rule 8.1(b) by knowingly failing to respond to requests for information from bar counsel.

An additional Complaint herein involves the allegation of further violations in the matter of the respondent having

been charged as a co-defendant with [a third defendant], in [a case in] the Circuit Court for Prince George's County, Maryland. The facts were, in that case, that the respondent was occupying an automobile in which cocaine, marijuana and a firearm were discovered. The Court makes the following findings of fact:

(1) The defendant was charged as a co-defendant with [a third defendant], having been arrested on July 15, 2005.

(2) The respondent's case was nol prossed at a preliminary hearing on April 26, 2005.

(3) That [the third defendant] w as indicted by a grand jury on November 28, 2005 and [on] February 27, 2006, the respondent entered his appearance on behalf of [that defendant] and requested a continuance.

(4) On May 31, 2006, respondent filed a Motion to Strike his Appearance which was granted on June 1, 2006.

As a result of the above facts, the Court concludes as follows:

(1) That the respondent violated Rule 1.7 by representing a client with whom he had been a co-defendant, as such was a clear conflict of interest

(2) As stated above, the respondent was decertified by the Court of Appeals at such time as he entered his appearance on behalf of [the third defendant] and as such violated Rule 5.5(a).

(3) The respondent violated rule 8.1(b) by failing to respond to the request for information by bar counsel.

Neither the Petitioner nor the Respondent has noted any exceptions to Judge Chapdelaine's Findings of Fact and Conclusions of Law. We shall treat the hearing judge's findings of fact as established for the purpose of determining the appropriate sanction. Md. Rule 16–757(b)(2).

According to the Petitioner (in the words of its Recommendation for Sanction):

The findings of the trial court show that respondent has completely ignored his responsibilities as a lawyer. Having

been ordered by this Court on April 5, 2005 to cease practicing law, respondent represented defendants in criminal cases in 2005 and well into 2006. During this time, he missed one scheduled court appearance and was significantly late for two others. He ignored three letters from Bar Counsel's Office requesting explanations of his conduct. He undertook to represent a defendant with whom he had been arrested for possession of cocaine and marijuana on the charges arising out of the arrest. All of these matters are serious violations of the Rules of Professional Conduct. *Attorney Grievance Commission v. Briscoe,* 357 Md. 554[, 745 A.2d 1037] (2000) (attorney disbarred for, *inter alia,* violating court order against practicing while decertified); *Attorney Grievance v. Kreamer,* 387 Md. 503[, 530–31, 538, 876 A.2d 79, 95–95, 100] (2005) (attorney suspended for, *inter alia,* failing to answer Bar Counsel's request for written response). In addition, respondent failed to appear to file an answer or to participate in the hearing of this matter, even though he was personally served with process. Respondent's conduct shows that he has no interest whatsoever in maintaining the standards of the legal profession. Respondent's conduct warrants disbarment.

Respondent has not provided this Court with any reason why the Commission's recommendation should be rejected. From our *de novo* review of the record and of the cases cited by Bar Counsel in Petitioner's Recommendation for Sanction, we conclude that the appropriate sanction is disbarment.

**IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THIS COURT, INCLUDING THE COST OF TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761 FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ALFRED WALKER, JR.**